## Chicago and Western Indiana Railroad Company

### v.

## Ferdinand Bingenheimer.

Negligence—Instruction.—An instruction, that "if the jury believe from the evidence that the servants of the defendant having charge of an engine attached to a car caused said car to be suddenly started, at the time and place stated in the declaration, and while the plaintiff, without any fault on his part, was in the act of getting on board of said car, and that he was thereby injured and suffered the loss, etc., and that the plaintiff was without fault, then the verdict must be for the plaintiff." *Held*, that as such instruction in effect declares that the mere fact of causing the car to be suddenly started in the switch yard, while the plaintiff, without any fault on his part, was in the act of getting on board such car, constituted negligence *per se*, it is erroneous.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed February 12, 1884.

This was an action in the court below, by Bingenheimer against the Chicago and Western Indiana Railroad Company, to recover damages for a personal injury alleged to have been occasioned by the negligence of the defendant's servants in suddenly, and without any notice to plaintiff, starting a certain car backward, while plaintiff was in the act of going onto said car for the purpose of performing therein his duties as car cleaner, which he had been employed to do, whereby he was violently thrown and fell under the wheels of such car, which ran over one of his legs, cutting it off.

On the trial under the general issue, it appeared that the plaintiff, July 15, 1882, was in the employment of the Louisville, New Albany and Chicago Railway Company as a car cleaner in a railroad yard near 14th street, Chicago, which yard and the track therein belonged to the defendant, but which was, by arrangement between the latter and the Louisville and New Albany Company, used by said last named company, the defendant's engine and servants, during the switching onto what was known as the "wash track," where the cars of the Louisville and New Albany Company were cleaned by plaintiff and his assistants, and made up into trains by defendant's engine and its servants; that while one of the cars of the Louisville and New Albany Company, called a Pullman car, was being taken to its proper place on said wash track, the plaintiff, in attempting to go upon such car for the purpose of cleaning it, fell upon the track and one of his legs was run over by the wheels and so crushed as to require amputation.

The plaintiff testified that when he attempted to get on the car it was standing still, and had been for several minutes; that those in charge of defendant's engine suddenly, and without any notice to him, started the car backward with such force as to throw him off; while the defendant's witnesses gave testimony tending to show that the car was in motion when plaintiff attempted to get on, and that the bell on the engine was ringing and that plaintiff was told by one of the employes present not to get on then. Such being the state of the case, the court below gave, for the plaintiff, the following instruction to the jury:

2.   "If the jury believe from the evidence that the servants of the defendant, having charge of an engine attached to a car, caused said car to be suddenly started at the time and place stated in the declaration, and while the plaintiff, without any fault on his part, was in the act of getting on board of said car, and that he was thereby injured, and suffered the loss of his foot and a portion of his leg, and that the plaintiff was without fault, then the verdict must be for the plaintiff." To the giving which, exception was taken, and the jury returning a verdict for plaintiff assessing his damages at $5,000, the court overruled defendant's motion for a new trial and gave judgment on the verdict, from which this appeal is presented by defendant.

Mr. C. M. Osborne and Mr. S. Lynde, for appellant; as to negligence, cited I. C. R. R. Co. v. Hall, 83 Ill. 225; I. C. R. R. Co. v. Godfrey, 71 Ill. 507; C. & N. W. Ry. Co. v. Coss, 73 Ill. 395; C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 255; C. B. & Q. R. R. Co. v. Clark, 2 Bradwell, 596.

Messrs. Rubens, McGaffey & Ames, for appellee.

McAllister, P. J.   By the second instruction given on behalf of the plaintiff below, the jury were directed that if they found from the evidence that the servants of the defendant having charge of the engine attached to a car, caused said car to be suddenly started, at the time and place stated in the declaration, and while the plaintiff, without any fault on his part, was in the act of getting on board of said car, and that he was thereby injured, and suffered the loss of his foot and a portion of his leg, and that the plaintiff was without fault, then the verdict must be for the plaintiff.

The time, stated in the declaration as above referred to, was July 15, 1882.   That could have no possible bearing upon the question of defendant's negligence, and the reference to it was therefore immaterial, any farther than that it was before suit brought.   The place was in the defendant's switch yard, at 14th street, in Chicago.   So that the instruction in effect declares that the mere fact of causing the car to be

suddenly started in such switch yard, while the plaintiff, without any fault on his part, was in the act of getting on board of such car, constituted negligence *per se*, or, in other words, negligence as matter of law irrespective of any other attending circumstances. That this was erroneous is too plain to justify either discussion or citation of authorities. Nor can the error be disregarded because there was a conflict of testimony as to material facts, with an apparent preponderance in favor of the defendant in respect thereto, so that the instruction was presumably prejudicial to the defendant.

The judgment of the court below will, for the error pointed out, be reversed and the case remanded.

Judgment reversed.